Redacted:

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON    1

APR 2 1 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

**Attachment D**

## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SPOKANE DIVISION

Jane Doe,

Plaintiff,

v.

**KADLEC REGIONAL MEDICAL CENTER;**

**PROVIDENCE HEALTH & SERVICES;**

**DOES 1–25,**

Defendants.

Case No.: _____4:26-cv-05060-TOR_____

**Plaintiff's Motion for Protective Order Preventing Dissemination of Identifying and Sensitive Safety-Related Information**

## I. INTRODUCTION

1. Plaintiff Jane Doe respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 26(c) and the Court's inherent authority to manage its proceedings, for a

narrowly tailored protective order limiting the dissemination of Plaintiff's and her minor children's identifying and safety-sensitive information during the pendency of this litigation.

## II. BASIS FOR REQUEST

2. Plaintiff is a documented survivor of domestic violence and is enrolled in Minnesota's Safe at Home Address Confidentiality Program. Plaintiff is protected by a lifetime permanent Order for Protection. Plaintiff's children were minors at the time the police records at issue were created, and Plaintiff continues to have a minor child.

3. Plaintiff alleges that disclosure of identifying and safety-sensitive information beyond the ordinary needs of litigation would create a foreseeable risk of harm and undermine existing court-ordered and state-authorized confidentiality protections.

## III. RULE 26(c) GOOD CAUSE

4. Under Rule 26(c), the Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including by limiting the disclosure or dissemination of sensitive information.

5. Plaintiff demonstrates good cause based on:

    a. Existing court-ordered protective measures;

    b. Participation in a state address-confidentiality program;

    c. Involvement of minor children;

    d. Credible safety risks associated with disclosure of protected identifying information.



3

## IV. SCOPE OF REQUEST

6.  Plaintiff does not seek a prior restraint on speech and does not seek to prohibit lawful public commentary regarding this case.

7.  Plaintiff instead requests a limited case-management order governing the handling and external dissemination of identifying and safety-sensitive information within Defendants' possession and/or obtained through discovery in this litigation, where dissemination beyond the reasonable needs of defense would pose a foreseeable risk of harm.

8.  Specifically, Plaintiff requests that the Court prohibit disclosure outside the ordinary needs of litigation of:

    a.  Residential addresses protected by Safe at Home;

    b.  Address confidentiality program participation details;

    c.  ~~Sealed name-change records;~~

    d.  Identity-protection documentation;

    e.  ~~Social Security numbers or replacement identification information;~~

    f.  Safety-planning records;

    g.  Police report numbers;

    h.  Medical records;

    i.  Identifying information contained within lifetime Orders for Protection;

    j.  Any other information reasonably likely to reveal protected location or identity.

9.  Plaintiff does not seek to restrict Defendants' ability to investigate, defend, or litigate this action. Plaintiff seeks only to prevent unnecessary dissemination of protected information outside the litigation context.

3

## V. NARROW TAILORING

10. The requested order would:

    a. Apply only to safety-sensitive identifying information;

    b. Permit full use of such information for purposes of defense and litigation;

    c. Preserve the Court's authority to modify the order as appropriate;

    d. Remain in effect only during the pendency of this action unless otherwise ordered.

## VI. CONCLUSION

11. Plaintiff's request is limited, protective, and supported by good cause. The requested order preserves Defendants' litigation rights while protecting against foreseeable harm to Plaintiff and her minor children.

12. Plaintiff respectfully requests that the Court grant such narrowly tailored protective relief as it deems just and proper.

13. Reference: Plaintiff submits Jane Doe Declaration, attached as Attachment E, in support of this Motion.

14. This Attachment D is incorporated into the Complaint by reference.

Dated: April 6, 2026

Respectfully submitted,

**Jane Doe**

**Plaintiff, Pro Se**

P.O. Box 17370, Lot #1615

5

St. Paul, MN 55117