Redacted:

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON  1

Apr 21, 2026

SEAN F. McAVOY, CLERK

**Attachment E**

## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SPOKANE DIVISION

**Jane Doe,**

**Plaintiff,**

v.

**KADLEC REGIONAL MEDICAL CENTER;**

**PROVIDENCE HEALTH & SERVICES;**

**DOES 1–25,**

Defendants.

Case No.: _____ 4:26-cv-05060-TOR

### Jane Doe Declaration

In Support of Plaintiff's Protective Relief, Pseudonymity, Motion to Restrict Access and

Permit Narrow Sealing, and Motion to Prevent Dissemination of Identifying Information

I, Jane Doe, declare as follows:

2

1. I am the Plaintiff in this action. I submit this declaration in support of my request to proceed under a pseudonym and for redaction and/or sealing as the Court deems just and proper for safety.

2. I make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently to the matters stated herein.

## I. Lifetime Pattern of Extreme Domestic Violence and Threat

3. For almost three decades, I have been the victim of severe, repeated, and escalating domestic violence, including physical violence, sexual assault, stalking, kidnapping, threats of homicide, and violations of protective orders across multiple states.

4. I have been protected by criminal and civil Orders for Protection issued in multiple jurisdictions since the late 1990s, including a permanent and lifetime order issued in the 2000s. These orders were repeatedly violated despite court intervention.

5. The individual from whom I am protected has multiple convictions and guilty pleas related to domestic violence and related offenses in multiple states, as well as a documented history of stalking, retaliation, and evasion of law enforcement supervision.

6. I have also experienced interstate stalking, retaliation tied to my attempts to seek public assistance or court protection, and repeated efforts to locate me after I relocated for safety.

## II. Extraordinary Safety Measures Taken by Plaintiff

7. Due to the severity and persistence of the threat, I have been required to take extraordinary safety measures uncommon in ordinary civil litigation, including but not limited to:

   a. Relocation across states;

   b. Residence in domestic violence shelters;

   c. Enrollment in address-confidentiality and safety programs;

   d. Long-term avoidance of public benefits or services when notice to my abuser could occur;

   e. Use of an alias once relocated into the State of Minnesota in 2014;

   f. I

   g. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

8. These measures were taken solely for safety, not convenience, and only after less restrictive alternatives repeatedly failed.

9. I have resided safely in Minnesota for almost a decade prior to the events giving rise to this action, and my children and I had achieved relative stability before Defendants' conduct described in the Complaint.

---

## III. Defendants' Knowledge of Plaintiff's Safety Status

10. Prior to and during the events at issue, Defendants were placed on notice—directly and indirectly—that I am a documented survivor of extreme domestic violence, subject to permanent protective orders, and reliant on confidentiality for safety.

3

11. Defendants were aware, or should have been aware, that dissemination of inaccurate and/or identifying records, refusal to correct false information, and/or disclosure to third parties posed foreseeable risk of serious harm to me and/or my children.

## IV. Defendants' Conduct Increased Risk

12. Despite this knowledge, Defendants:

    a. Maintained and/or disseminated false and/or misleading records;

    b. Refused to correct inaccuracies after notice;

    c. Denied and/or obstructed confidentiality and/or safety protections;

    d. Made statements minimizing judicial oversight and/or review;

    e. Communicated in ways that caused me to fear renewed harm to myself and/or my children.

13. As a result, safety measures that had protected my family for years were undermined, and I experienced renewed fear, destabilization, and retraumatization.

## V. Ongoing Harm and Necessity of Judicial Protection

14. The harm caused by Defendants' conduct is not speculative. It has resulted in renewed displacement, loss of stability, and significant psychological and physiological stress consistent with trauma exposure.

15. I continue to face ongoing risk so long as inaccurate records remain uncorrected and/or identifying information is disseminated without safeguards.

16. I seek the protection of this Court because, after almost three decades of attempting to secure safety through local and state systems, federal court intervention is now necessary to prevent foreseeable harm and/or retaliation.

## VI. Purpose and Limited Use of This Declaration

17. This declaration is submitted solely for purposes of:

    a. Establishing the factual basis for pseudonymity, sealing, and/or protective relief;

    b. Demonstrating notice and/or foreseeability;

    c. Preserving the record regarding safety risks.

18. This declaration is not offered to adjudicate disputed merits, but to inform the Court of the safety implications surrounding disclosure, procedure, and/or Defendants' challenged conduct.

19. Attachment E is a supportive document to Plaintiff's Attachment A - Complaint and to the Motions: Attachment B, C, and D.

Dated: April 6, 2026

Respectfully submitted,

**Jane Doe**

**Plaintiff, Pro Se**

P.O. Box 17370, Lot #1615

St. Paul, MN 55117