FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 16, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>      v.<br><br>KADLEC REGIONAL MEDICAL CENTER, PROVIDENCE HEALTH & SERVICES, DOES 1-25.,<br><br>                    Defendants. | NO. 4:26-CV-5060-TOR<br><br>ORDER ON PLAINTIFF'S MOTIONS |

BEFORE THE COURT are Plaintiff's Motion for Protective Order (ECF No. 2), Redacted Motion for Pseudonymity (ECF No. 3) and Redacted Motion to Restrict Access and Sealing (ECF No. 4).   The Court has reviewed the record and files herein and is fully informed.

## BACKGROUND

Plaintiff alleges that on or about July 4, 2012, Plaintiff was admitted to Kadlec Regional Medical Center following a violent assault that left her incapacitated.  ECF No. 1-6 at 4.  Plaintiff alleges that while she was admitted and

ORDER ON PLAINTIFF'S MOTIONS ~ 1

unconscious, Defendants allowed her assailant to access her room and be at her bedside.  *Id.*  After Plaintiff regained consciousness, she alleges the assailant orchestrated her discharge through fraudulent means and Plaintiff was unable to protect herself due to her medically vulnerable state.  ECF No. 1 at 5.  Plaintiff alleges Defendants not only permitted her assailant to take control of her while she was supposed to be under Defendants' care and protection, but that Defendants created and maintained materially inaccurate medical records that later shaped law enforcement determinations regarding Plaintiff's assault.  *Id.*  Plaintiff alleges Defendants have continued to maintain these inaccurate medical records through 2026 despite Plaintiff's repeated attempts to have them corrected.  *Id.*  Plaintiff brings this action alleging First and Fourteenth Amendment claims under 42 U.S.C. § 1983 and supplemental state law claims.  ECF No. 1.

## DISCUSSION

### A. Motion for Pseudonymity

Plaintiff asks the Court to permit Plaintiff to proceed under the pseudonym "Jane Doe" in all public filings and proceedings.  ECF No. 3.

There is a strong "public interest in understanding the judicial process" that generally favors open court proceedings and a presumption that parties must use their real names.  *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036,

ORDER ON PLAINTIFF'S MOTIONS ~ 2

1042 (9th Cir. 2010).  Anonymity is only proper under "special circumstances where the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  Special circumstances include cases where anonymity is "necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment."  *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981).

Plaintiff states that she is a survivor of domestic violence and that she relocated to Minnesota in 2014 to secure safety, confidentially, and identity protections for herself and her children.  ECF No. 3 at 2.  Plaintiff contends that she and her children have been safe in Minnesota for over a decade using these safety measures and being enrolled in Minnesota's Safe at Home Address Confidentiality Program, which is designed to protect vulnerable individuals, such as survivors of domestic violence, from disclosure of identifying information.  *Id.*  Plaintiff argues that public disclosure of her name would undermine these protections and expose Plaintiff and her children to renewed risk.  *Id.* at 3.  Therefore, Plaintiff seeks to shield her name from public disclosure only.  *Id.*

The Court concludes that Plaintiff has asserted credible and reasonable safety concerns that constitute special circumstances warranting anonymity.  There will be minimal prejudice to Defendants as Plaintiff does not seek to conceal her

ORDER ON PLAINTIFF'S MOTIONS ~ 3

identity from Defendants, only from the public, and Plaintiff's need to proceed anonymously outweighs the public's interest in knowing her identity.  ECF No. 3 at 3.

**B.  Motion for Protective Order**

Plaintiff seeks a protection order regarding disclosure of certain discovery materials.  As no discovery has begun in this case, this motion is premature.

**C. Motion to Restrict Access and Permit Narrow Sealing**

Plaintiff seeks an order restricting access and/or redacting identifying and safety-sensitive information to protect Plaintiff and her children.  ECF No. 4 at 1. Plaintiff requests that identifying information be redacted from public filings and that documents containing safety information such as medical records, protected court orders, police report case numbers, and address-confidentiality documentation be submitted under seal.  *Id.* at 3.

 "Courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  A court will restrict public access through sealing or redaction of non-dispositive case records for good cause and dispositive case records only for compelling reasons.  *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809, F.3d 1092, 1096-97 (9th Cir. 2016).  Each standard requires a "particularized showing,"

ORDER ON PLAINTIFF'S MOTIONS ~ 4

*Kamakana*, 447 F.3d at 1179, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

At this stage in the proceeding, the Court declines to issue a blanket order restricting public access to certain documents or information that may arise during the course of litigation. Many of Plaintiff's concerns may be adequately addressed by a protective order once the parties have conferred and discovery has commenced. Otherwise, Plaintiff may file a motion to seal or redact information related to a particular document that is to be filed.

//

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Redacted Motion for Pseudonymity (ECF No. 3) is **GRANTED**. Plaintiff may proceed with this litigation using the name "Jane Doe" in all public filings and proceedings. However, as Defendants have not yet appeared in this action, this decision is made without prejudice to reconsideration in the event Defendants, after their appearance in the matter, object to the Court's decision.

ORDER ON PLAINTIFF'S MOTIONS ~ 5

2. Plaintiff's Motion for Protective Order (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

3. Redacted Motion to Restrict Access and Sealing (ECF No. 4) is **DENIED WITHOUT PREJUDICE**.

The District Court Executive is directed to enter this Order and furnish a copy to Plaintiff.

DATED June 16, 2026.



THOMAS O. RICE
United States District Judge

ORDER ON PLAINTIFF'S MOTIONS ~ 6